UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Curtis Dale Richardson, | ) C/A No. 4:10-2672-RBH-TER |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| South Carolina Dept of Correction, | ) Report and Recommendation |
| Respondent. | ) |

The Petitioner, Curtis Dale Richardson (Petitioner), proceeding *pro se*, brings this action, which seeks an Order directing a state court to schedule a trial in Petitioner's state civil action. The petition should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The petition *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can

1

be made where the petition "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

The petition states the following, verbatim:

In a hearing in state court after filing a state court lawsuit for the Dept of Correction holding me in prison for over two years over my max-out date. Judge John ruled that the case proceed on the monetary damages claim. A second circuit court judge the[n] held a second hearing on the summary judgement ruling of Judge John and illegally changed Judge John's order and dismissing my case. I then appealed to the S.C. Court of Appeals and then the S.C. Supreme Court to no avail.

Petitioner asks this Court to "[i]ssue an order directing the lower court to set my case for trial on the monetary damages claim as required by law."

## Discussion

The Petitioner is seeking a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *see In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *see In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992). Further, the party seeking mandamus relief carries the heavy burden of showing that his entitlement to such relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989); *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). The Petitioner in this case fails to satisfy the burden established to qualify for mandamus relief.

Also, he names the South Carolina Department of Corrections as the Defendant and seeks an order or writ mandating that the <u>Department of Corrections</u> provide a trial. Clearly, this fails to state a valid claim for relief. In addition, even if he did seek mandamus relief against a South Carolina Circuit Court, District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Should Petitioner look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

Therefore, the United States District Court for the District of South Carolina lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief.

Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. Petitioner's attention is directed to the important notice on the next page.

December 8, 2010  
Florence, South Carolina

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).