IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Dale Richardson, | ) | Civil Action No.: 4:10-cv-02672-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Dept. of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a former state prisoner proceeding *pro se*, brought this suit seeking an order directing a state court to schedule a trial in Petitioner's state civil action. This matter is now before the court with the [Docket Entry 10] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on December 8, 2010.

## Procedural History

Petitioner filed this action on October 15, 2010. For relief, Petitioner asks this court to "[i]ssue an order directing the lower court to set [his] case for trial on the monetary damages claim as required by law." Petition [Docket Entry 1] at 4.

On December 8, 2010, the Magistrate Judge issued his R & R in this matter. In the R & R, the Magistrate Judge recommended that the court should dismiss, without prejudice, Petitioner's Petition for failure to state a claim upon which relief may be granted. R & R at 1, 5. Any objections to the R & R were originally due no later than December 28, 2010.[2] Petitioner thereafter sought, and

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

[2] Specific written objections must be filed within fourteen (14) days of the date of service of the R & R. 28 U.S.C. § 636B(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).

was granted, an extension of time in which to file objections to the R & R. The court granted Petitioner an extension of time for filing objections until January 10, 2011. Text Order [Docket Entry 13]. Petitioner failed to timely file objections, as he did not file objections until January 13, 2011.[3] *See* Obj. [Docket Entry 16].

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[3] The court notes that the Florence Division courthouse was closed January 10 and January 11 for inclement weather. Accordingly, Petitioner's objections would have been timely filed if he had filed the objections on January 12, 2011, the first date the courthouse was open after Petitioner's deadline for filing. However, Petitioner still failed to file his objections until January 13, 2011.

**Discussion**

As noted above, Petitioner's objections were untimely filed. In addition, Petitioner's objections are both conclusory and non-specific, and do not direct the court to any specific error in the Magistrate Judge's R & R. *See* Obj. ("The Petitioner objects to the Magistrates R & R in its entirety. . . . Petitioners entitlement is clear and undisputable."). Since Petitioner failed to file timely and specific objections, the court reviews the R & R to "satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Finding no clear error in the Magistrate Judge's recommendation, Petitioner's Petition should be dismissed for failure to state a claim upon which relief may be granted.

Additionally, in the interests of justice, the court has reviewed *de novo* Petitioner's objections, and attachments thereto, on the merits. After a thorough review, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Petitioner has failed to establish that, under the circumstances of this case, he is entitled to the "drastic" and "extraordinary" remedy of mandamus. *See Kerr v. U.S. Dist. Court. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Petitioner has also failed to show that the relief he seeks– "an order directing the lower court to set [his] case for trial"[4]–is available and proper against the current defendant, the South Carolina Department of Corrections. As such, the court agrees with the recommendation of the Magistrate Judge, and finds that Petitioner's Petition should be dismissed for failure to state a claim.

---

[4] Compl. at 4.

**Conclusion**

Based on the foregoing, the court overrules all of Petitioner's objections and adopts and incorporates by reference herein the R & R of the Magistrate Judge. Accordingly, Petitioner's Petition in the above-captioned case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                                 s/R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
January 14, 2011